[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Steven Stallworth, appeals from the judgment of the trial court convicting him of retaliation, a third-degree felony, and sentencing him to five years' imprisonment following his guilty plea. Stallworth assigns as error (1) the trial court's imposition of the maximum sentence, and (2) the ineffectiveness of counsel.
The record demonstrates that the trial court completed a felony sentencing worksheet. On the form, the court noted that Stallworth's relationship with the victim of the crime had facilitated the offense; that Stallworth had a history of criminal convictions; that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. Before imposing the maximum prison term, the court found both that Stallworth had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. Only one of these two findings was necessary before the court imposed the maximum sentence.[1]
The trial court supported its findings by setting forth its reasons for those findings on the record, as required by R.C. 2929.19(B)(2)(d). On the worksheet, along with its other considerations, the court noted, "In a court hearing, [Stallworth] said — I know my out-date. . . .I'm going to kill you and your daughter." The court also indicated that it had reviewed copies of letters that Stallworth had written to the victim and had considered the statements of the arresting officer and of the victim. The court further noted that Stallworth had lunged at the victim in a courtroom, screamed death threats at her, and spat on her. It had taken four court officers to restrain Stallworth, and he was still screaming as he was dragged from the courtroom. The arresting officer had noted that, from his observations of Stallworth, the victim "has plenty to be scared to death of." The court concluded by stating that the victim had had a civil restraining order sworn out against Stallworth, but that Stallworth had not stayed away from her. Despite the court's order that he have no contact with the victim, Stallworth had continued to send the victim many letters and had left more than sixty telephone messages at her place of employment.
We hold that the trial court's imposition of the maximum prison term was warranted, because the court's reasons for its worst-form and recidivism findings were supported by the record. Therefore, we overrule the first assignment of error.
In his second assignment of error, Stallworth contends that he was denied the effective assistance of counsel due to the failure to create an adequate record for appellate review and the failure to argue mitigation factors during the sentencing hearing. To support this claim, Stallworth "must show that counsel's representation fell below an objective standard of reasonableness,"[2] and that he was prejudiced by counsel's deficient performance.[3] To demonstrate prejudice, Stallworth "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[4]
Stallworth argues that his counsel failed to inform him of the consequences of his guilty plea. But the record demonstrates that the trial court conducted a full Crim.R. 11 colloquoy. The court further asked Stallworth a series of questions about his plea. In his replies, Stallworth told the court that he was entering a guilty plea to retaliation, a third-degree felony, and that he understood that he could be sentenced to a five-year prison term.
Stallworth also contends that trial counsel made no mitigating remarks at sentencing, yet it is clear from the record that counsel had had prior discussions with the court about the sentencing. Counsel also presented Stallworth's father to speak in mitigation at the hearing. Stallworth has not demonstrated that counsel's representation fell below an objective standard of reasonableness, or that he suffered prejudice because of counsel's performance. Accordingly, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2929.14(C).
[2] See Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052, 2064.
[3] See Strickland v. Washington at 687, 104 S.Ct. at 2064; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[4] See Williams v. Taylor (2000), 529 U.S. 362, 391, 120 S.Ct. 1495,1511-1512; Strickland v. Washington at 694, 104 S.Ct. at 2068; State v.Murphy (2001), 91 Ohio St.3d 516, 538, 747 N.E.2d 765, 794.